McGEOCH and others *vs.* BULLIONS and others.

Where an appeal calls in question the principles upon which an account is directed to be taken by the decree appealed from, as well as the liability of the appellants to account at all, the court of chancery will not allow such account to be taken before the appeal is disposed of; without, at least, requiring the respondents to stipulate to pay all the expenses of taking such account, in case the decree shall be reversed, or modified in any respect, so as to require the acc. ...t to be taken anew.

THIS was an application, by the complainants, for leave to proceed with a reference, ordered by the vice chancellor, pending an appeal brought by the defendants.

*M. Fairchild,* for the complainants.

*C. L. Allen,* for the defendants.

THE CHANCELLOR.    In the case of an appeal from a decree directing the taking of an account, or directing a reference to compute the amount due upon a mortgage, where the principles upon which the account is to be taken, or the computation is to be made, are not the subject of contest, upon an appeal from a vice chancellor, it might be proper for this court to allow the account to be taken, or the reference to be proceeded in pending the appeal, at the risk and expense of the respondent. Whether it can be done, however, in the case of a final decree, under the 116th rule of this court, is a matter of some doubt.    But where the appeal calls in question the principles upon which the account is to be taken, against the appellants, as well as the fact of their liability to account at all, it might be productive of unnecessary expense to allow the account to be taken until the appeal was disposed of here.    At least it would be unreasonable to allow it, in this case, without requiring the respondents to stipulate to pay the appellants all the expense to which they may be subjected, in taking the account, if the decree should be reversed, or be modified in any respect, so as to require the account to be taken anew.

I am therefore of opinion that it will be better for both parties that the taking this account should be suspended, until the principles upon which the account is to be taken, as well as the right to the account itself, shall be finally settled, upon the appeal.

The application must therefore be denied.